IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD ANDERSON, III | : | |
| Plaintiff, | : | |
| vs. | : | CA 23-00115-JB-C |
| LINDSAY TERESA AKRIDGE, VIRGINIA MORRIS, LEE ANN ELINSK MINER, and CLUB 4 FITNESS, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Charles Anderson ("Plaintiff"), who is proceeding without counsel, filed the above-styled action against the Defendants on April 4, 2023. (Doc. 1). He also filed a motion to proceed *in forma pauperis* ("IFP") which remains pending (Doc. 2). An order was entered on April 14, 2023 raising a jurisdictional issue and giving Anderson an opportunity to respond (Doc. 3). Anderson filed a response to that Order on May 4, 2023 and therein seeks to amend a portion of his original complaint in order to establish subject matter jurisdiction (Doc. 4).

The Court finds that Plaintiff meets the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a), and therefore his *in forma pauperis* motion, as supplemented, is due to be granted. The Court has screened Plaintiff's complaint with respect to the 28 U.S.C. § 1915(e)(2) criteria and finds that the complaint should be dismissed for failure to state a claim upon which relief can be granted.

## I. FINDINGS OF FACT

Plaintiff's Complaint is filed on a court-provided form with several attachments considered by Plaintiff to be supportive of his claim. Doc. 1, PageID.1-32. The attachments consist of:

1. a "Statement of Facts" (PageID.6-7),

2. transcripts of telephone conversations with Defendant Lindsay Akridge ("Akridge") (PageID.8-11),

3. the membership cancellation e-mail dated December 17, 2021 (PageID.12),

4. a portion of the Club 4 Fitness ("Club4") dress code (PageID.13),

5. a cover sheet of the consumer complaint filed with the Alabama Attorney General (PageID.14),

6. several screen shots of members in work out attire from inside Club4 (PageID.15-22),

7. an e-mail dated January 24, 2022 welcoming Plaintiff to Club4 with instructions on how to set up an account (PageID.23-24),

8. portions of consumer complaints filed with the Better Business Bureau against Club4 (PageID.25-29), and

9. Plaintiff's affidavit (PageID.30-32).

The defendants include Akridge (General Manager), Virginia Morris (Controlling Operator), Lee Ann Elinski (Owner/Operator) and Club4.

Plaintiff identified the basis of jurisdiction as being federal question (PageID.3). When he was asked to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, he only listed one federal statute, 15 U.S.C. § 13. (Robinson-Patman Antidiscrimination Act).[1] Since it appeared that Plaintiff was complaining that he was a victim of discrimination when his membership in Club4 was cancelled because of a dress code violation and complaints from other members about his requests for personal information, it was difficult to understand how Robinson-Patman was applicable.[2] An order was entered on April 14, 2023 (Doc. 3) asking Plaintiff to explain how his claim was related to the federal statute he had identified.

Plaintiff responded on May 4, 2023 by asking that that he be allowed to amend his jurisdictional statement to reflect that his claim is made pursuant to The Civil Rights Act of 1964, Titles II and VI. Doc. 4, PageID.43.[3] This request should be granted since it does appear that the facts that he has provided more closely align

---

[1] Plaintiff also referred to several sections of the Alabama Constitution and the Code of Alabama but it does not appear that they have any bearing on the jurisdictional issue or his claim of public accommodation discrimination.

[2] The Robinson-Patman Antidiscrimination Act is a federal law intended to prevent price discrimination. It prevents distributors from charging different prices to various retailers and only applies to interstate trade.

[3] Title VI of the Civil Rights Act of 1964 is codified in 42 U.S.C. § 2000d. "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Plaintiff's explanation for adding Title VI seems to be since Club4 offers a reduced membership fee to those receiving Medicare or Medicaid benefits, it is "under federal guidelines and regulations". Doc. 4, PageID.43.

3

with the prohibition against discrimination in public accommodations as is prohibited in 42 U.S.C. § 2000a.

From the information Plaintiff has provided, his trouble with the defendants began on December 17, 2021 when he was confronted by Akridge inside the Club4 facility located on Airport Boulevard in Mobile, Alabama. She told him that the clothing that he was wearing was inappropriate. PageID.6. She also told him that people were uncomfortable with him socializing with the opposite gender. *Id*. He responded by telling her that her "angst" with him was because he is a "heterosexual male" and the reason she was trying to enforce a dress code on him, that was not enforced, was because of his belief system and her "angst" against his masculinity. *Id*. To this Akridge responded that "you're done" and that his membership would be cancelled. *Id*.

Plaintiff called Club4 and recorded a conversation that he had with Akridge. PageID.7. They discuss the dress code and the disagreement that they have over the type of Devops athletic wear that Plaintiff was wearing inside the Club. Akridge believed that he was wearing compression underwear while Plaintiff insisted that he was wearing compression shorts that were compliant with the dress code and allowed to be worn by other members. PageID.9-10.

A written notice of cancellation was sent to the Plaintiff and is dated December 17, 2021. PageID.12. The reasons given for cancelling the membership were complaints from members and staff that they felt uncomfortable around the Plaintiff after being asked for a phone number or "their social media" and that he was in

4

violation of the dress code. The portion of the dress code referenced was considered to have been violated by Plaintiff insistence on wearing compression underwear inside Club4 facilities. *Id.*

Plaintiff's statement of his case is summarized in his affidavit:

> I was banned in a dehumanizing manner via personal bias masculine/gender discrimination by Lindsay Atkridge on December 17, 2021 at the club 4 fitness on airport Blvd, Mobile, Alabama

Doc. 1-2, Affidavit, PageID.30 (Plaintiff's grammar and punctuation not corrected.).

## II. Legal Standards.

To avoid dismissal at this screening phase, Plaintiff's *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). Thus,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

5

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

Plaintiff's pro se complaint is to be "liberally construed and held to a less stringent standard than pleadings drafted by attorneys." See *Harris v. Goderick*, 608 F. Appx. 760, 761 (11th Cir. 2015) (citing *Powell v. Lennon*, 914 F.3d 1459, 1463 (11th Cir. 1990). The Complaint is viewed in the light most favorable to the plaintiff, accepting all of Plaintiff's well-pleaded facts as true. *Am United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007). However, a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 129 S.Ct. 1937.

### III. Analysis.

Plaintiff's sole claim is interpreted to be that his membership in Club4 was terminated discriminatorily on the grounds that he is a heterosexual male and expresses his masculinity, apparently by the way he dresses during work outs. The statutes relevant to civil rights complaints in the context of public accommodations are: (1) Title II of the Civil Rights Act of 1964, § 201, *et. seq., as amended*, 42 U.S.C. § 2000a, *et. seq.*; and (2) 42 U.S.C. § 1981. Title II provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

6

42 U.S.C. § 2000a(a). The statute contains a listing of establishments affecting interstate commerce considered to be "places of public accommodation." 42 U.S.C. § 2000a(b). It also provides substance to the way the establishments listed "affect commerce" within the meaning of the statute. 42 U.S.C. § 2000a(c).

Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). A § 1981 claim requires a showing of (1) failure to perform a contractual obligation which (2) was a result of an intention to discriminate racially. *See General Blg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

In the Eleventh Circuit, there is no clear identification of the elements of a prima facie public accommodation discrimination claim. See *West v. LQ Management, LLC,* 156 F.Supp.3d 1361, 1366 (S.D. Fla. October 30, 2015) ("[T]he Eleventh Circuit has not concretely explicated the elements of a public accommodation discrimination claim.") Accordingly, the district courts have adopted varying tests to determine if these claims have been stated. One approach is to apply a four factor test that requires plaintiffs to establish that (1) they are members of a protected class; (2) they attempted to contract for services and to afford themselves the full benefits of enjoyment of a public accommodation; (3) they were denied the right to contract for those services and, thus, were denied those benefits and

7

enjoyment; and (4) similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better. *See LaRoche v. Denny's, Inc.,* 62 F.Supp.2d 1366, 1370 (S.D.Fla.1999) ("Public accommodation and Section 1981 claims ... apply the same prima facie standards and burdens of proof as do employment discrimination claims under Title VII." (citations omitted)). Other courts have opted to apply the three-part test articulated in *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001). This test requires facts showing that:

(1) plaintiff is a member of a protected class;

(2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and

(3) plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

*Id.*

Regardless of the test applied in this case, Plaintiff has failed to state a claim under either 42 U.S.C. § 2000a or 42 U.S.C. § 1981. Both tests are applicable to each statute and contain the requirement that Plaintiff establish that he is a member of a protected class. The protected classes listed in 42 U.S.C. § 2000a are race, color, religion, or national origin. Plaintiff has not attempted to allege that he is a member of a protected class under Title II. In addition, fitness facilities like Club4 are not specifically listed in Title II as places of public accommodation. Moreover, Plaintiff has not attempted to allege facts that would establish that while facilities like Club4 are not expressly listed in Title II, they are covered enterprises.

8

As to § 1981, there is no evidence that Plaintiff is a member of a racial or ethnic class that is protected by the statute. In addition, he does not claim that the discrimination that was the cause of his injuries was based on his race or ethnicity. Instead, his complaint is that the alleged discrimination was based on his sexual preference (heterosexual male) and the clothes that he wore (compression shorts) as an expression of his masculinity or manliness.

### III. Conclusion.

For these reasons, it is recommended that:

1. Plaintiff's IFP motion (Doc. 2) be GRANTED.

2. Plaintiff's motion to amend his complaint (Doc. 4) be GRANTED.

3. Plaintiff's 42 U.S.C. § 2000a claim against the defendants be DISMISSED with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii).

4. To the extent one has been raised, Plaintiff's 42 U.S.C. § 1981 claim against defendants be DISMISSED with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii).

5. This action be DISMISSED before service of process under 28 U.S.C. §1915(e)(2)(B).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 30th day of June, 2023.

    s/William E. Cassady
**UNITED STATES MAGISTRATE JUDGE**